# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2011

No. 10-20430
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOEL OBED MERCADO LOPEZ, also known as Joel Obed Mercado, also known as Joel Obed Mercado-Lopez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-66-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joel Obed Mercado Lopez appeals the sentence imposed following his guilty-plea conviction for illegal reentry following deportation after an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that his sentence was substantively unreasonable because it was greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a). Specifically, he argues that the district court put too much weight on his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20430

deportations and criminal history and failed to take into account his cultural assimilation and substance abuse problems. He states that his number of deportations is not unusual for a person with an illegal reentry conviction. He preserves for further review his argument that his sentence is not presumptively reasonable because there is no empirical basis for U.S.S.G. § 2L1.2. He recognizes that his empirical basis argument is foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

We review the substantive reasonableness of Mercado Lopez's sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As Mercado Lopez raises his argument that his number of prior deportations is not higher than that of most illegal immigrants for the first time on appeal, we review that argument for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Although cultural assimilation can be a mitigating factor, a sentencing court is not required to accord cultural assimilation dispositive weight. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Moreover, Mercado Lopez's substantive-reasonableness contentions constitute a disagreement with the district court's weighing of the Section 3553(a) sentencing factors and the appropriateness of his sentence. Mercado Lopez has failed to rebut the presumption of reasonableness attached to his within-Guidelines sentence. *See Gall*, 552 U.S. at 50-51; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.